IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MICHAEL L. DUCHELLE GREEN,    ) | |
|     Plaintiff,                                              ) | Case No. 7:21-cv-00487 |
|                                                   ) | |
| v.                                                                   ) | |
|                                                   ) | By: Michael F. Urbanski |
| DR. LUE, <u>et al.</u>,                                    ) | Chief United States District Judge |
|     Defendants.                                       ) | |

**MEMORANDUM OPINION**

Plaintiff Michael L. Duchelle Green, a Virginia inmate proceeding <u>pro se</u> and <u>in forma pauperis</u>, filed this civil action under 42 U.S.C. § 1983, alleging that he received inadequate medical treatment while incarcerated at a facility operated by the Blue Ridge Regional Jail Authority. He names as defendants Dr. Lue and Nurse Jones. Because Green's claims are duplicative of the claims asserted against Dr. Lue and Nurse Jones in <u>Green v. Jones</u>, No. 7:21-cv-00165 (W.D. Va.), which remains pending, this action will be dismissed without prejudice.

Under 28 U.S.C. § 1915(e), which governs <u>in forma pauperis</u> proceedings, the court has a mandatory duty to screen initial filings. <u>Eriline Co. S.A. v. Johnson</u>, 440 F.3d 648, 656–57 (4th Cir. 2006). The court must dismiss a case "at any time" if the court determines that the action "is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i). "Because district courts are not required to entertain duplicative or redundant lawsuits, they may dismiss them as frivolous or malicious pursuant to § 1915(e)." <u>McClary v. Lightsey</u>, 673 F. App'x 357, 357 (4th Cir. 2017) (citing <u>Aziz v. Burrows</u>, 976 F.2d 1158, 1158 (8th Cir. 1992)); <u>see also</u> <u>Bailey v. Johnson</u>, 846 F.2d 1019, 1021 (5th Cir. 1988) ("Other courts have also held that an IFP complaint that

merely repeats pending or previously litigated claims may be considered abusive and dismissed" under § 1915) (collecting cases). "Generally, lawsuits are duplicative if the parties, issues, and available relief are not different from each other." McClary, 673 F. App'x at 357 (citing Georgia ex rel. Olens v. McCarthy, 833 F.3d 1317, 1321 (11th Cir. 2016)).

Upon review of the complaint, the court concludes that the instant action is duplicative of Green v. Jones, No. 7:21-cv-00165, which was filed first. In both cases, Green claims that Dr. Lue and Nurse Jones failed to provide adequate medical treatment following an altercation with a correctional officer on February 10, 2021, and he seeks to recover damages from Dr. Lue and Nurse Jones. See 2d Am. Compl., Green v. Jones, No. 7:21-cv-00165 (W.D. Va. July 21, 2021); Compl., Green v. Lue, No. 7:21-cv-00487 (W.D. Va. Sept. 20, 2021). Because the instant action involves the same claims at issue in Green v. Jones, it will be dismissed without prejudice as duplicative.

For the foregoing reasons, the court will dismiss this action without prejudice pursuant to 28 U.S.C. § 1915(e). An appropriate order will be entered.

Entered: January 12, 2022

Michael F. Urbanski
Chief U.S. District Judge
2022.01.12 16:06:56
-05'00'

Michael F. Urbanski
Chief United States District Judge